JUDGE ABRAMS



Barbara A. Solomon (bsolomon@fzlz.com)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900
*Attorneys for Plaintiff Chanel, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| CHANEL, INC., | |
| Plaintiff, | |
| v. | |
| VERBENA PRODUCTS LLC, ANGELA ROQUE, and ROBERT ROQUE, | **COMPLAINT** |
| Defendants. | |

Plaintiff Chanel, Inc. ("Chanel"), by its undersigned attorneys Fross Zelnick Lehrman & Zissu, P.C., for its Complaint against defendants Verbena Products LLC, Angela Roque, and Robert Roque (collectively, "Defendants"), alleges as follows:

<u>SUBSTANCE OF THE ACTION</u>

1.      This action arises out of Defendants' artificial inflation of Chanel's prices, their false statements of Chanel's pricing, and their intentional deception of consumers as to Defendants' own pricing. Advertised as a source for brand name cosmetics at significant discount, Defendants' sales platform at *www.verbenaproducts.com* in fact falsely marks up the retail prices of the Chanel products they sell. Defendants' alleged discount prices (the prices offered by Defendants are referred to herein as the "Sale Prices"), which they compare to artificially inflated list prices, result in consumers paying more for Chanel products. Defendants'

actions are knowingly and intentionally deceptive and are designed to injure consumers and Chanel.

2.      Defendants, who describe themselves as offering "high end beauty at low end prices" and who claim to "sell product[s] at a significant discount," are engaged in false advertising by misrepresenting their own prices as being discounted and by misrepresenting Chanel's prices by inflating the actual retail prices for Chanel products being offered.  By advertising a "discounted" price, Defendants are misleading and intend to mislead consumers into believing that Defendants' prices are discounted, that Defendants' prices are far below Chanel's, and that by doing business with Defendants, consumers will receive a significant savings on Chanel products as compared to buying directly from Chanel or Chanel's authorized retailers.

3.      Upon information and belief, Defendants are fully aware that many of their alleged discount prices for Chanel products do not represent any discount at all off the retail prices charged by Chanel or by many authorized retailers of the Chanel items in question. Nevertheless, Defendants continue to engage in this improper and unlawful advertising technique in order to attract consumers to Defendants' website and to induce consumers into buying products from Defendants, competitors of Chanel's retail business.  Such actions interfere with Chanel's business, including Chanel's relationship with authorized distributors of Chanel products, who may falsely believe that Chanel has a different pricing policy for Defendants. Through this lawsuit, Chanel is not seeking to set the prices at which Defendants can offer Chanel products.  Rather, Chanel is contesting Defendants' false and misleading representations that they offer Chanel products at a discount or otherwise that their prices for Chanel products are lower than the prices offered by Chanel or many of Chanel's authorized distributors.

4.      Based on Defendants' conduct, Chanel asserts claims for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); false advertising under Section 350 of the New York General Business Law; deceptive and unfair trade practices under Section 349 of the New York General Business Law; and unfair competition under the common law of New York. Chanel seeks injunctive relief, an accounting of Defendants' profits flowing from their false advertising and misrepresentations, damages, attorneys' fees, and such other relief as the Court deems just and proper.

<u>PARTIES</u>

5.      Plaintiff Chanel, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.

6.      Upon information and belief, Defendant Verbena Products LLC ("Verbena") is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business at 2851 SW 31st Avenue, Unit 1218, Miami, Florida 33133.

7.      Upon information and belief, Defendant Angela Roque, an individual with an address of 904 NE 96th Street, Miami Shores, Florida 33138, is the President, member, and principal of Verbena and exercises management and control over Verbena.

8.      Upon information and belief, Defendant Robert Roque, an individual with an address of 904 NE 96th Street, Miami Shores, Florida 33138, is the registered agent and principal of Verbena and exercises management and control over Verbena.  Mr. Roque is also the identified registrant of and the administrative and technical contact for the *verbenaproducts.com* website through which Defendants are engaged in their false advertising.

9.      Upon information and belief, Angela Roque and Robert Roque personally run, operate, and exercise control over Verbena and directed and participated in and continue to direct, participate in, and financially benefit from each of Verbena's wrongful acts complained of herein.

JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. §§ 1367(a).

11.     Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because Defendants are subject to personal jurisdiction in this district due to their voluntary transacting of business herein, including offering products to consumers in this district, shipping and selling products, including Chanel products, in and to this district, and operating a fully interactive website that allows consumers from this district to purchase Chanel products, and because a substantial portion of the events at issue have arisen and will arise in this judicial district and Chanel is suffering harm in this judicial district.

12.     This Court has personal jurisdiction over Defendants under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because Defendants continuously and systematically conduct, transact, and solicit business in this district, because Defendants ship and sell Chanel products in and to this district and operate a fully interactive website that allows consumers from this district to purchase Chanel products, because the events giving rise to this

Complaint occurred in this state and/or had effects in this state, and because Chanel, whose headquarters are in this district, will be harmed in this district.

FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      Chanel's Business

13.      Chanel is a premier manufacturer and seller of a wide variety of luxury goods and a recognized leader in the fragrance and beauty field.  Some of the world's best known fragrance products, including CHANEL No. 5, CHANEL No. 19, ALLURE, and CHANCE, are products of Chanel.  Chanel's fragrances, skin care products, and color cosmetics are among the best-selling fragrance and beauty products in the United States.

14.      To maintain the prestige of the Chanel brand and to ensure that consumers receive the type of attention commensurate with Chanel's reputation for luxury and quality products, Chanel authorizes its fragrance and beauty products to be sold only through its own retail stores and website, located at *www.chanel.com*, through high-end, prestigious specialty stores, such as Neiman Marcus, Barney's, Macy's, Nordstrom, Saks Fifth Avenue, and Sephora, and through the websites of such retailers.  Chanel does not authorize sales through Defendants or other alleged discounters, none of whom receive products directly through Chanel.

15.      Chanel prices its fragrance and beauty products to allow all consumers to experience the luxury of Chanel.  Chanel's prices for such products, which can be found on *chanel.com*, run the full gamut from $27 for LE VERNIS Nail Colour to $2,100 for LES GRANDS EXTRAITS, a grand flaçon of CHANEL No. 5.

16.      Chanel aims to ensure that consumers who desire Chanel products can get genuine Chanel products and that their experience buying such genuine products is a positive one.  Chanel has an interest in protecting the consumer experience because a positive consumer experience is part of the enormous goodwill that is inherent in the Chanel name and brand.

17.     The only way for consumers to be sure they are in fact receiving legitimate, best quality Chanel products at a fair price is to purchase the goods from Chanel or from an authorized distributor of Chanel.

B.      Defendants' Unlawful Conduct

18.     Upon information and belief, Defendant Verbena is a retailer specializing in fragrance, beauty, hair products, and nail products and doing business though its *www.verbenaproducts.com* website (the "Verbena website"), and through other third-party websites, including the marketplaces on *www.amazon.com*, *www.ebay.com*, *www.rakuten.com*, and *www.sears.com*.  Verbena and its principals, Angela and Robert Roque, promote their business as offering fragrance and beauty products at "low end prices."

19.     In promoting products on the Verbena website, Defendants claim that they purchase "thousands of high end health and beauty products at extraordinary prices" and that they "pass along these significant savings to [their] customers."  According to the Verbena website, one of Defendants' "main goals" is to offer for sale beauty products "at a significant discount to [the] artificially inflated Retail Prices promoted by . . . manufacturers."  Thus, Defendants claim that if they "cannot sell a product at a significant discount under retail, [they] will not offer it on [their] site."

20.     Defendants encourage consumers to purchase products from them by claiming that they offer large discounts.  To promote this impression, Defendants state that their motto is "FREE YOURSELF OF RETAIL PRICES" and claim to provide consumers with "significant savings."  The homepage of the Verbana website perpetuates Defendants' misleading motto, stating "Never pay full retail at Verbana Products" and "Stay beautiful by not paying full retail prices."

21.     Defendants tie their claims of discounted retail prices directly to Chanel products in several ways.

22.     First, immediately below the message on the Verbena website of "never pay full retail" and of selling product at "low end prices" is a scroll of brands offered on the site.  The CHANEL and iconic CC Monogram marks are included on that scroll of brands, are prominently displayed, and are visible on the home page of the site at all times.

23.     Second, in a promotional display on Defendants' website featuring the slogan "Stay Beautiful by not paying full retail prices," Defendants have prominently placed Chanel's immediately identifiable Chanel No. 19 fragrance.

24.     Third, Defendants are offering in excess of 250 Chanel products on the Verbena website, making Chanel one of, if not the most, represented brands offered by Verbena.  The significance of Chanel products on the Verbena website suggests to consumers not only that the alleged discounts are applicable to such products but also that Verbena has a relationship with Chanel to account for such a significant inventory of discounted goods.

25.     None of the Defendants are or have ever been an authorized retailer of Chanel products.  As Defendants note on the Verbena website, they do not get the products they offer for sale directly from the manufacturer, but rather from their "worldwide network of suppliers." Defendants do not get Chanel products from any authorized Chanel supplier.

26.     In offering Chanel products through the Verbena website, Defendants have represented, and currently are representing, that the prices consumers pay for Chanel products purchased from Defendants are "low end prices" or "significant discount[s] under retail," suggesting that Defendants are undercutting both Chanel and Chanel's authorized distributors.

27.     Far from offering the claimed discounts on Chanel products, Defendants are actually selling Chanel fragrance and beauty products at prices that are much higher than the prices charged for the same products on *www.chanel.com* or purchased through many of Chanel's authorized distributors.  In doing so, Defendants also are misrepresenting Chanel's actual retail prices.

28.     In nearly all of Defendants' advertisements for Chanel products, they provide a false comparison between an inflated "retail price" for the item in question and their own claimed Sale Price.  While claiming on their site that manufacturers artificially inflate retail prices, in fact it is Defendants who are artificially inflating Chanel's retail prices.

29.     For example, as shown below, Defendants advertise a 5 ounce bottle of COCO MADEMOISELLE fresh body cream as having a retail price of $173.00 and a Sale Price of $144.19.  However, Chanel's actual retail price for the same product in the same size on *www.chanel.com* is $82.00.  This also is the price at which Chanel's authorized distributors generally sell the product.  Thus, Defendants have artificially jacked up Chanel's retail price by over 100%.  As a result, instead of receiving a 17% discount, as Defendants claim, the customer is paying $62.19 *more* than she would had she purchased the product from Chanel's website or many of its authorized distributors.



30.     Similarly, as shown below, Defendants advertise a 3.4 ounce bottle of CHANCE

EUA FRAÎCHE eau de toilette spray as having a retail price of $190.00 and a Sale Price of

$144.94.  But again, Chanel's actual retail price on *www.chanel.com* is $95.00, below both the

claimed retail price and the Sale Price.  Again, Defendants have artificially doubled Chanel's

price.  Rather than offering the claimed 24% discount, Defendants' price is $49.94 *more* than the

price charged by Chanel.



31.     A further example of Defendants' misrepresentations is their advertisement of ROUGE COCO SHINE hydrating sheer lipshine, for which Defendants compare their Sale Price of $49.00 with the supposed retail price of $65.00.  But Chanel's actual retail price is $35.00. Because Defendants have artificially inflated the retail price to almost double, instead of receiving a 25% discount as Defendants claim, the customer is paying $14.00 more than she would had she purchased the product from Chanel.





32.      The above are just a few examples of Defendants' practice of artificially inflating Chanel's prices, misrepresenting to consumers that Defendants' prices are discounted, and misrepresenting Defendants' services as selling products below retail.

33.      Upon information and belief, Defendants' misrepresentations as to its alleged discount pricing are found not only on the Verbena website, but also on third party websites where Defendants maintain retail stores or accounts.  By way of example, on the eBay marketplace, where Defendants do business under the name Premiere Beauty, Defendants claim that consumers "will not find prices as low as ours."  But this is wrong.  For example, Defendants sell a 3.4 oz. bottle of CHANEL NO. 19 eu de parfum spray on the eBay marketplace for $127.99, but Chanel charges $120.00 for the same product, $7.99 less than what Defendants charge.  Thus, contrary to Defendants false assertion, consumers can find prices as low as, and in fact lower than, Defendants' prices.  The same is true for numerous other Chanel products sold by Defendants on the eBay marketplace.

34.     Chanel has an interest in making sure that consumers are not deceived as to the prices Chanel charges and an interest in making sure that its retail competitors do not use deceptive claims of discounts to attract consumers.  As a result of Defendants' artificial inflation of Chanel's prices and misrepresentation that they offer Chanel products at a significant discount, consumers will be more likely to purchase Chanel products from Defendants, competitors of Chanel, instead of purchasing directly from Chanel or its authorized retailers, causing injury to Chanel.

35.     Further, Chanel has an interest in ensuring that third-party retailers do not make false price comparisons, including by falsely inflating Chanel's prices, or by misrepresenting to consumers that they are receiving a discount when in fact consumers are paying more for Chanel products purchased from Defendants.  By claiming that their prices are discounted and by inflating Chanel's prices, Defendants falsely suggest that Chanel's prices are higher than the prices offered by Defendants.  This harms Chanel's reputation by causing consumers to believe that Chanel charges more for its products than it actually does, which in turn may cause consumers not to purchase Chanel products.  In addition, as a result of Defendants' misrepresentations about both Defendants' prices and Chanel's prices, consumers are likely to falsely presume that Chanel overcharges its customers as compared to its competitors, causing Chanel to lose current and prospective customers and negatively affecting Chanel's reputation.

36.     Chanel also has an interest in maintaining its relationship with the authorized retailers of Chanel products.  Those relationships are likely to be harmed if authorized retailers believe that unauthorized third-party retailers are getting Chanel products at different and discounted prices or if consumers buy products from unauthorized third-party retailers because of misrepresentations by the unauthorized third-party retailers regarding their prices.

37.     Upon information and belief, Defendants' price misrepresentations are a deliberately deceptive attempt to misrepresent their own prices in order to unfairly compete with Chanel, and to prey on consumers' desire to acquire luxury Chanel products at lower prices.

38.     Upon information and belief, Defendants' conduct is intended to mislead consumers and has been successful in doing so.

39.     Upon information and belief, Defendants have placed both their false and deceptive advertising and the goods sold as a result of such deceptive advertising in interstate commerce and into this district.

40.     Defendants' conduct has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Chanel.  Chanel has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)**

41.     Chanel repeats and realleges the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42.     In claiming that they sell products at a discount, that they always undercut retail prices, and that consumers will not find lower prices, Defendants are making a material misrepresentation both as to their own prices as well as Chanel's prices in order to unfairly compete with Chanel.

43.     Defendants also misrepresent Chanel's retail prices by artificially inflating the prices often doubling the actual price so that Defendants can claim that they are offering Chanel products at a discount, when in fact they are offering Chanel products at a price higher than Chanel's true retail price.

44.     Defendants' misrepresentation of both their own prices and Chanel's prices in Defendants' advertising misrepresents both Defendants' goods and Chanel's goods.

45.     Chanel has an interest in Defendants refraining from deceiving consumers into believing that Defendants offer a discount on Chanel products and from falsely representing Chanel's prices.

46.     Defendants' false statement of Chanel's prices is likely to cause consumers to mistakenly believe both that Chanel's standard prices are much higher than they are and that Defendants are offering Chanel products at discount rates.

47.     Defendants' false and misleading advertising has actually deceived or is likely to deceive a substantial portion of the intended audience and harm Chanel's reputation.

48.     The misstatements made by Defendants as to price and savings are material and are likely to influence purchasing decisions, including decisions to purchase from Defendants and not to purchase from Chanel or its authorized retailers.  Indeed, Defendants premise their entire business on their claimed ability to provide savings to consumers and attract consumers by their false claim of savings.

49.     Defendants have placed their false and misleading statements in interstate commerce.

50.     Defendants' conduct is willful.

51.     Defendants' conduct described herein is causing immediate and irreparable injury to Chanel, both by direct diversion of sales and by harming Chanel's goodwill and reputation, and will continue to damage Chanel and deceive consumers unless enjoined by this Court.

52.     Defendants' acts constitute false advertising and false representations in violation of 15 U.S.C. § 1125(a).

53.     Chanel has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE ADVERTISING IN VIOLATION OF N.Y. GEN. BUS. LAW § 350

54.     Chanel repeats and realleges the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55.     By reason of the acts set forth above, Defendants have been and are engaged in consumer-oriented advertising in the conduct of a business, trade, or commerce that is false and misleading in material respects, in violation of Section 350 of the New York General Business Law.

56.     Defendants' conduct described herein is causing immediate and irreparable injury to Chanel, both by direct diversion of sales and by harming Chanel's goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.

57.     Chanel has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES IN VIOLATION OF N.Y. GEN. BUS. LAW § 349

58.     Chanel repeats and realleges the allegations set forth in paragraphs 1 through 57 above as if fully set forth herein.

59.     By reason of the acts set forth above, Defendants have been and are engaged in consumer-oriented deceptive acts and practices in the conduct of a business, trade, or commerce that is false and misleading in material respects, in violation of Section 349 of the New York General Business Law.

60.     Defendants' false representations of their alleged discounts on Chanel goods have the capacity to deceive and are deceiving the public.  As a result, the public will be damaged.

61.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and to deceive the public unless enjoined by this Court.

62.     Chanel has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW**

63.     Chanel repeats and realleges the allegations set forth in paragraphs 1 through 62 above as if fully set forth herein.

64.     Defendants are falsely representing that they are selling Chanel goods at a discount as compared to the prices available directly from Chanel or from many of Chanel's authorized retailers.

65.     Defendants' Sale Prices constitute a false description or representation of the prices of Chanel goods as set by Chanel.

66.     Defendants' aforementioned conduct is willful and deliberate and undertaken with the intent to deceive and mislead the public.

67.     Defendants' conduct is likely to deceive and mislead the public about the nature of both Defendants' and Chanel's goods, to the detriment of Chanel.

68.     Defendants' actions described herein constitute unfair competition under the common law of the State of New York.

69.     Defendants' conduct is causing immediate and irreparable injury to Chanel and to its goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.

70.     Chanel has no adequate remedy at law.

WHEREFORE, Plaintiff Chanel, Inc. respectfully demands judgment as follows:

1)      That a permanent injunction be issued enjoining Defendants, any entity owned and/or controlled in whole or in part by Defendants, and the partners, officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns of the foregoing and all others in active concert or participation with any of them from:

(a)      Disseminating any false information about Chanel's retail prices or any other false and/or misleading information about Chanel products or their pricing;

(b)      representing that Defendants are selling Chanel products at a discount if in fact the price at which Defendants offer those products is equal to or greater than Chanel's standard retail price;

(c)      falsely representing that Defendants offer discounted prices

(d)      engaging in any other activity constituting false advertising of Chanel products;

(e)      engaging in any other activity constituting unfair competition with Chanel;

(f)      disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records, including computer records of any kind, including invoices, correspondence, books of accounts, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, promotion, display, purchase, sale, offer for sale, or distribution of any Chanel products; and

(g)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2)      Directing such other relief as the Court may deem appropriate to prevent the public from deriving erroneous impressions regarding the pricing of Chanel products or the alleged discounts offered by Defendants.

3)      Directing that Defendants file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

4)      Awarding Chanel all gains, profits, property, and advantages derived by Defendants from their unlawful conduct, including disgorgement of all monies made by Defendants due to their improper inflation of Chanel's retail prices, pursuant to 15 U.S.C. § 1117(a)(1).

5)      Awarding Chanel such further amounts as the Court may in its discretion find to be just should the amount of profits be inadequate, pursuant to 15 U.S.C. § 1117(a).

6)      Awarding Chanel exemplary and punitive damages to deter any further deceptive and unfair conduct as the Court finds appropriate.

7)      Awarding Chanel its costs and disbursements incurred in this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. §1117(a).

8)      Awarding Chanel interest, including pre-judgment interest on the foregoing sums.

9)      Awarding Chanel such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
            October 15, 2014

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____

            Barbara A. Solomon (bsolomon@fzlz.com)
            Emily Weiss (eweiss@fzlz.com)
866 United Nations Plaza
New York, New York 10017
Tel:  (212) 813-5900

*Attorneys for Plaintiff Chanel, Inc.*